IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY,
FLORIDA

CASE NO.: 13-01200 (21)

DONALD MINCY,

Plaintiff,

v.

CITY OF HOLLYWOOD, a Municipal
Corporation.
Defendant
_____/

## NOTICE OF FILING NOTICE OF REMOVAL

COMES NOW, the Defendant, CITY OF HOLLYWOOD, through its undersigned counsel, and respectfully advises this Honorable Court of the removal of this action to the United States District Court, Southern District of Florida. A copy of the Notice of Removal filed in that Court pursuant to Title 28 U.S.C. § 1441 is attached hereto and made a part hereof as Exhibit "A".

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U. S. mail to Christopher Brown, Esq., Attorney for Plaintiff, 12 Southeast 7th Street, Suite 700, Fort Lauderdale, Florida 33301 on this 29th day of January 2013,

Respectfully submitted,

JEFFREY P. SHEFFEL, CITY ATTORNEY

City of Hollywood
2600 Hollywood Boulevard, Suite 407
Hollywood, FL   33020
Telephone:  (954) 921-3435
Fax:          (954) 921-3081

By: _____
    Tracy Lyons
    Assistant City Attorney
    Florida Bar No.:0141585
    tlyons@hollywoodfl.org

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DONALD MINCY,
                Plaintiffs,

V.

CITY OF HOLLYWOOD, a Municipal
Corporation.

                Defendants
_____/

## NOTICE OF REMOVAL

COMES NOW, the Defendant, CITY OF HOLLYWOOD, ("HOLLYWOOD") by and through undersigned counsel, and pursuant to 28 U.S.C. §1331 and §1332, hereby remove this action from the 17th Judicial Circuit in and for Broward County, State of Florida, and as grounds would state:

1.     Plaintiff Donald Mincy, ("MINCY") has sued Defendant, HOLLYWOOD, in a seven (7) count Complaint for allegedly violating his Constitutional rights secured by Title 42 U.S.C. §1983 (Count I); Deprivation of Civil Rights (Count II); Assault and Battery (Count III); False Arrest and False Imprisonment (Count IV); Negligent Supervision (Count V); Malicious Prosecution (Count VI); and Civil Conspiracy (Count VII).

2.     HOLLYWOOD was served with process on January 28, 2013 on the original complaint.

3.     Pursuant to 28 U.S.C. §§ 1331 and 1332, this Court has original jurisdiction over this action, as the complaint as alleged, seeks to redress the alleged deprivation of Plaintiff's

rights which invokes the court's jurisdiction under the federal question jurisdiction pursuant to 28 U.S.C. §1441 and §1443.

4. The pendent state claims are also removable pursuant to 28 U.S.C. §1441(c).

5. A copy of all process, pleadings and orders served upon HOLLYWOOD are attached hereto and made a part hereof as Exhibit "A" in accordance with 28 U.S.C. §1446(a).

6. HOLLYWOOD has filed this notice within thirty days of service of the summons and Complaint and have acted timely pursuant to 28 U.S.C.§1446(b).

7. This notice has been filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Defendant HOLLYWOOD respectfully request that this matter be removed and that thus Honorable Court grant such further and additional relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served was electronically filed with the Clerk of the Court using CM/ECF on the 29th day of January, 2013. I also certify that the foregoing document is being served on this day, on Christopher M. Brown, Esq. Attorney for Plaintiff, 12 Southeast 7th Street, Suite 700, Fort Lauderdale, Florida 33301 either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically

Notices of Electronic filing.

Respectfully submitted,

JEFFREY P. SHEFFEL, CITY
ATTORNEY
City of Hollywood
2600 Hollywood Boulevard, Suite 407
Hollywood, Florida 33020
Telephone: (954) 921-3435
Telecopier: (954) 921-3081

By _____
Tracy A. Lyons
Assistant City Attorney
Fla. Bar No.: 0141585
TLyons@hollywoodfl.org

JS 44 (Rev. 12/07)                                    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Donald Mincy | City of Hollywood Florida, |
| **(b)** County of Residence of First Listed Plaintiff **Broward** <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant **Broward** <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) <br><br> Christopher M. Brown, Esq. <br> 12 Southeast 7th Street, Suite 700 <br> Ft. Lauderdale, Florida 33301 <br> (954) 764-6828 | Attorneys (If Known) <br><br> Tracy A. Lyons, Assistant City Attorney <br> City of Hollywood |

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only) |
|---|---|

II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers' Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☒ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury - Med. Malpractice <br> ☐ 365 Personal Injury - Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other <br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt.Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Sat TV <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 445 Amer. w/Disabilities - Employment <br> ☐ 446 Amer. w/Disabilities - Other <br> ☒ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> ☐ Habeas Corpus: <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 463 Habeas Corpus-Alien Detainee <br> ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
False Arrest; Assault & Battery, Deprivation of Civil Rights Title 42 U.S.C. §1983

LENGTH OF TRIAL via _3_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _Tracy A. Lyons_    DATE _January 29, 2013_

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # _____ IFP _____



AGP 13-0100

1/28/13
10:55 AM
JC
#867

DONALD MINCY,

       Plaintiff,

V.

The CITY OF HOLLYWOOD, a Florida
Municipality,

       Defendant.

_____/

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION 13   01200

CASE NO:



## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
complaint or petition in this action on defendant:

### CITY OF HOLLYWOOD

by serving the Mayor of the City of Coral Springs:

          Mayor Peter Bober
          2600 Hollywood Blvd.
          Suite 403
          Hollywood, FL 33020

Each defendant is required to serve written defenses to the complaint or petition on
Plaintiff's attorney, to wit:

Christopher M. Brown, Esq.,
whose address is:

12 Southeast 7th Street
Suite 700
Fort Lauderdale, FL 33301
Telephone: (954) 764-6828
Fax: (954) 764-0287
Email address: law_brown@msn.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on _____.  **JAN 15 2013**

(SEAL)
CLERK OF THE CIRCUIT COURT **HOWARD C. FORMAN**

By: _____  **MARIA ARZOLA**
Deputy Clerk

**A TRUE COPY**
CIRCUIT/COUNTY
COURT SEAL

DONALD MINCY,

        Plaintiff,

v.

The CITY OF HOLLYWOOD, a Florida
Municipality,

        Defendant.

_____/

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CIVIL DIVISION    **13 01200**

CASE NO:

**21**

## COMPLAINT FOR DAMAGES

    Plaintiff, DONALD MINCY, by and through the undersigned counsel, sues the

Defendant, The CITY OF HOLLYWOOD; and in support thereof, alleges as follows:

    1. This is a civil action seeking money damages in excess of Fifteen Thousand

($15,000.00) Dollars, exclusive of costs, interest, and attorney's fees. Jurisdiction is vested in this

Court pursuant to Section 26.012, Florida Statutes.

## JURISDICTION AND PARTIES

    2. Plaintiff, DONALD MINCY (hereinafter referred to as "MINCY"), is a citizen of the

United States of America and a resident of the State of Florida.

    3. Plaintiff has fully complied with all conditions precedent to bringing this action

imposed by the laws of the State of Florida, and particularly by the provisions of §768.28 of the

Florida Statutes. A copy of Plaintiff's notice letter and return correspondence is attached hereto,

and made a part hereof, as composite Exhibit "A".

    4. Defendant the CITY OF HOLLYWOOD [hereinafter HOLLYWOOD] is a Florida

1

municipal corporation formed under the Laws of the State of Florida and, as such, is amenable to suit pursuant to Florida Statutes §768.28.

## FACTUAL ALLEGATIONS

Plaintiff repeats and realleges Paragraphs 1 through 8 above as if more fully set forth herein and further alleges:

5.   At all times material hereto, the City of HOLLYWOOD acted through its agents, employees, and servants, including the police officers referenced in this Complaint and others.

6.   At all times referred to herein, the police officers, JONATHAN COMMELLA (hereinafter referred to as "COMMELLA") and officer ALEKSEY MELNIKOV (hereinafter referred to as "MELNIKOV") in this Complaint were acting under color of law, to-wit: under color of the statutes, ordinances, regulations, customs, and usages of the United States and of the State of Florida and the City of Hollywood, Florida pursuant to their respective authority to maintain a municipal police department.

7.   At all times material hereto, the police officers referenced in this Complaint, were acting within the course and scope of their employment as police officers with HOLLYWOOD. As a consequence thereof, the Defendant is liable as hereinafter alleged under the Doctrine of Respondeat Superior.

8.   On or about March 24, 2010, at approximately 6:42 a.m., the Plaintiff, MINCY was driving his vehicle on Taft and North 21st Avenue, located in the HOLLYWOOD Police Department District, in Broward County, Florida.

9.   At that time Plaintiff, MINCY was legally operating his vehicle and was on his way to work.

2

10. When he noticed that a HOLLYWOOD Police Department vehicle was following him with activated his police lights- he pulled his truck over and came to a complete stop.

11. The HOLLYWOOD Police Department vehicle was being operated by Officer COMMELLA of the HOLLYWOOD Police Department.

12. After being pulled over MINCY was addressed by officer, COMMELLA, with great aggression and hostility.

13. At which time, MINCY questioned as to why he was being stopped by the police and in response to this question, officer COMMELLA, demanded that the Plaintiff step out of his vehicle.

14. MINCY complied with the officer's instructions and exited his vehicle.

15. After exiting his truck MINCY again questioned as to why he was being stopped by the police.

16. MINCY attempted to give his driver's license to officer COMMELLA but the officer did not accept it.

17. Despite repeated questions, Officer COMMELLA did not provide a reason for the stop and became more aggressive towards MINCY.

18. MINCY continued to explain that he was heading to work and provided his driver's license to the Officer.

19. MINCY is a 6'2" African-American male approximately 270 pounds which by his physical appearance only caused officer COMMELLA to overreacted to the situation.

20. Officer COMMELLA was intimidated by MINCY's physical appearance.

21. Without any merit or necessity, Officer COMMELLA tasered MINCY.

3

22. Officer COMMELLA continued to taser MINCY until he was fully incapacitated and laying helplessly on the ground.

23. At this time Officer MELNIKOV arrived on the scene and began striking MINCY while he was helpless on the ground.

24. Immediately thereafter, Officer COMMELLA joined in and repeatedly struck MINCY.

25. After the beating, the Officers placed MINCY in handcuffs and put him in the back of the police vehicle.

26. On the above date and time, the HOLLYWOOD officers wrongfully arrested the Plaintiff, MINCY and a fraudulent, unfounded and resistance report was filed.

27. Thereafter, the HOLLYWOOD Officer MELNIKOV took MINCY to the hospital for medical treatment and MINCY was later transported to the Broward County Jail.

28. After being arrested, Plaintiff, MINCY was formally charged with battery on a law enforcement officer, and citied for not having a tag displayed, Case number 10-005154CF10A in Broward County Florida.

29. On the above date and time, the HOLLYWOOD officers wrongfully detained and beat the Plaintiff, MINCY.

30. Plaintiff, MINCY did not resist the wrongful arrest.

31. That as a direct and proximate result of the severe, unjustified and illegal, unprovoked, intentional force inflicted upon the Plaintiff by the police officers while acting as agents and/or employees of the Defendant, the Plaintiff suffered damages.

32. At all times material to this incident, HOLLYWOOD and it's agents and/or

4

employees acted in reckless disregard to the Florida Constitution and statutory prohibitions and guarantees under color of the State law.

33. The conduct of Defendant HOLLYWOOD proximately caused Plaintiff's arrest without probable cause, and in the absence of lawful authority. The conduct of HOLLYWOOD constitutes false arrest/false imprisonment.

34. Defendant HOLLYWOOD is liable to the Plaintiff in tort for false arrest/false imprisonment, based upon the conduct of the HOLLYWOOD police officers.

35. As a direct and proximate result of the acts described herein, the Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

36. That as a direct and proximate result of the severe, unjustified, and illegal, unprovoked, intentional beating inflicted upon the Plaintiff by COMMELLA and MELNIKOV while acting as agents and/or employees of the Defendant, HOLLYWOOD, the Plaintiff suffered injuries.

37. As a further direct and proximate result of the conduct described above, the Plaintiff suffered loss of his liberty and freedom, suffered mental and physical pain from his injuries received at the hands of the Defendant, HOLLYWOOD, loss of capacity for the enjoyment of life, incurred the expense of hiring an attorney to represent him as a result of the wrongful arrest and as being detained on false criminal charges, lost wages and time from work, loss of earnings, loss of ability to earn money, loss of certain professional licenses and the cost of reinstatement of these licenses, spent time incarcerated as a result of the false and malicious charges placed against him by the officers. The losses are either permanent or continuing and the Plaintiff will

5

suffer the losses in the future.

38. After approximately two years of legal fees and other aggravation ultimately MINCY pled no contest to the charge of resisting without violence.

39. On or about April 30, 2012, the charges against Plaintiff, MINCY were amended to resisting without violence and count two - not having tag displayed was dismissed. He was placed on three months administrative probation and assessed court fines.

## COUNT I - VIOLATION OF 42 U.S.C. §1983

Plaintiff repeats and realleges Paragraphs 1 through 39 above as if more fully set forth herein and further alleges:

40. That COMMELLA and MELNIKOV, while acting under color of State law and as agents and/or employees of HOLLYWOOD, used excessive force, unnecessary force, assaulted and battered MINCY in violation of his constitutional rights guaranteed by the Constitution and laws of the United States, in particular, violation of his privileges and immunities including equal protection under the due process clause of the Fourteenth Amendment of the United States Constitution.

41. That COMMELLA and MELNIKOV, while acting under the color of State law during the incident described herein, did then and there illegally and unnecessarily use force to assault, batter and arrest the Plaintiff causing injuries and wounds which ultimately resulted in the Plaintiff undergoing medical care and treatment.

42. That the foregoing actions on the part of COMMELLA and MELNIKOV constitute excessive, unnecessary and illegal use of force and authority and were below the reasonable standard of care to be exercised on behalf of the police officers dealing with members of the

6

public.

43. That COMMELLA and MELNIKOV did unlawfully and wrongfully assault, batter, injure and arrest MINCY, thereby depriving him of his rights, privileges and immunities secured by the Constitution and laws of the United States. The assault, battery and use of excessive and/or illegal, unnecessary force used by COMMELLA and MELNIKOV operated to deprive Plaintiff of the following Constitutionally guaranteed rights and privileges:

      i.     The right and privilege to be secure in his person while in the custody of the State of Florida;

      ii.     The right and privilege not to be deprived of his right and liberty without due process of law;

      iii.     The right and privilege to be free from unlawful attacks upon the physical integrity of his person;

      iv.     The right and privilege not to be subject to punishment without due process of law;

      v.     The right and privilege to be immune while in the custody of persons acting under color of law of the State of Florida from illegal assault and battery by any person exercising the authority of said state; and

      vi.     The right and privilege to be free from cruel and unusual punishment.

44. As a direct and proximate result of the actions described aforesaid committed under color of law as City of Hollywood Police Officers acting within the scope of their employment and pursuant to authority vested in them by HOLLYWOOD, COMMELLA and MELNIKOV caused the Plaintiff to sustain severe injuries to his body and mind, be

7

unlawfully arrested and incarcerated, and spend sums of money to defend himself from Defendants' illegal acts.

45. That COMMELLA'S and MELNIKOV'S use of excessive, illegal, and unjustified force without legal provocation or probable cause, committed under color of State law, deprived Plaintiff of his rights, privileges and immunities under the Law and Constitution of the United States. COMMELLA and MELNIKOV acted illegally and in total disregard of the human rights of the Plaintiff when COMMELLA and MELNIKOV unlawfully and without provocation assaulted and battered the Plaintiff during the incident described herein.

**WHEREFORE,** Plaintiff prays this Court assess compensatory damages against Defendants, COMMELLA and MELNIKOV, in excess of Fifteen Thousand ($15,000.00) Dollars together with reasonable attorneys fees and costs as provided in 42 U.S.C. §1988, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II - DEPRIVATION OF CIVIL RIGHTS

Plaintiff repeats and realleges Paragraphs 1 through 39 above as if more fully set forth herein and further alleges:

46. This is an action for damages pursuant to 42 U.S.C. §1983.

47. COMMELLA and MELNIKOV as policy making officials for the City of HOLLYWOOD and the HOLLYWOOD Police Department have a duty to adequately train and supervise the police officers of the HOLLYWOOD Police Department in proper police techniques and use of force. These Defendants are also under a duty to detect, prevent and correct excessive uses of force by police officers in the HOLLYWOOD Police Department in order to avoid unconstitutional deprivations of citizens rights guaranteed pursuant to the

8

14th Amendment of the United States Constitution and the laws of the United States.

48. Furthermore, COMMELLA and MELNIKOV have a duty as policy making officials of the City of Hollywood Police Department to provide and ensure safe detention facilities, to adequately supervise and provide adequate supervision, to prevent assaults and battery to arrestees and to prevent unconstitutional deprivations of citizens' rights pursuant to the 14th Amendment of the United States Constitution and the laws of the United States while an arrestee is in the custody of the City of Hollywood.

49. Hollywood Police officials as policy making officials of the City of Hollywood have continually failed to establish appropriate police procedures and train not only other police personnel, but in this instance, specifically, COMMELLA and MELNIKOV:

50. To prevent unconstitutional deprivations by COMMELLA and MELNIKOV, of the right and privilege of MINCY to secure in his person while in custody of the State of Florida to prevent unconstitutional deprivations by COMMELLA and MELNIKOV, of the right and privilege of MINCY not to be deprived of his rights and liberty without due process of law;

51. To prevent unconstitutional deprivations by COMMELLA and MELNIKOV, of the right and privilege of MINCY not to be subject to punishment without due process of law;

52. To prevent unconstitutional deprivations by COMMELLA and MELNIKOV, of the right and privilege of MINCY to be free from cruel and unusual punishment;

53. Employing other police officers as well as COMMELLA and MELNIKOV whose employment in law enforcement presented an unreasonable risk of harm to persons

9

including MINCY; a) Failing to guard against a potential hazard to members of the public by not selecting proper or competent police officers; b) Failing to provide proper guidelines and regulations concerning the proper use of weapons or force during an arrest.

54. These deprivations are continuing and systemic in nature and not merely an isolated incident sufficient to create a formal custom or policy of the City of HOLLYWOOD and the City of HOLLYWOOD Police Department.

55. Hollywood Police Officials knew or should have known of these continuing deprivations of civil rights and knew or should have known of these actual and potential problems and have failed to take the adequate and necessary steps to correct or prevent them. Thus, Hollywood Police Officials have failed to exercise their duties and supervise the institution under their control.

56. As a result of this deprivation of constitutional rights, Plaintiff suffered the following injuries, losses and damages: suffered mental and physical pain from his injuries received at the hands of COMMELLA and MELNIKOV; Lost time from work; incurred medical expenses in the treatment of his injuries which will continue in the future; incurred the expense of hiring an attorney to represent him.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, HOLLYWOOD in excess of Fifteen Thousand ($15,000) Dollars together with interest, costs and attorney's fees pursuant to 42 U.S.C. 1988 and other such relief as this Court would deem necessary and proper.

## COUNT III - ASSAULT AND BATTERY

Plaintiff repeats and realleges Paragraphs 1 through 39 above as if more fully set

10

forth herein and further alleges:

57. This is an action for damages.

58. That COMMELLA and MELNIKOV, acting as police officers and agents of the City of HOLLYWOOD intentionally and without lawful authority or permission placed Plaintiff in imminent apprehension of being pushed, kicked, punched, dragged, thrown down, handcuffed and beaten.

59. Plaintiff was aware of this threat of contact.

60. That COMMELLA and MELNIKOV, again acting as police officers and agents of the City of HOLLYWOOD, then intentionally and without legal authority, pushed, held, kicked, dragged, threw down, handcuffed and beat Plaintiff.

61. This physical contact was perpetrated without the Plaintiff's permission.

62. As a result of this fear and apprehension of an imminent battery and of the actual battery itself, Plaintiff suffered the following injuries, losses and damages:

      a.    suffered mental and physical pain from his injuries received at the hands of COMMELLA and MELNIKOV;

      b.    Lost time from work;

      c.    incurred medical expenses in the treatment of his injuries which will continue in the future;

      d.    incurred the expense of hiring an attorney to represent him.

**WHEREFORE,** the Plaintiff demands Judgment against Defendant, HOLLYWOOD in excess of Fifteen Thousand ($15,000) Dollars together with interest, costs and attorney's fees pursuant to §768.28(8), Florida Statutes, and such other and further relief as this

11

Court deems just and proper.

## COUNT IV - FALSE ARREST AND FALSE IMPRISONMENT

Plaintiff repeats and realleges Paragraphs 1 through 39 above as if more fully set forth herein and further alleges:

63. This is an action for damages.

64. COMMELLA and MELNIKOV unlawfully and falsely arrested MINCY.

65. As a result of this false arrest and imprisonment, MINCY was detained at the scene and ultimately at the HOLLYWOOD Police Department and Broward County Jail; charged with the offense of resisting arrest without violence, a criminal act pursuant to the laws of Florida; and imprisoned and deprived of his liberty against his will at the liquor store, the HOLLYWOOD Jail and the Broward County Jail.

66. As a direct and proximate result of these acts, MINCY suffered the following damages:

a.    suffered mental and physical pain from his injuries received at the hands of COMMELLA and MELNIKOV;

b.    Lost time from work;

c.    incurred medical expenses in the treatment of his injuries which will continue in the future;

d.    incurred the expense of hiring an attorney to represent him.

**WHEREFORE**, Plaintiff demands Judgment against the Defendant, HOLLYWOOD in excess of Fifteen Thousand ($15,000) Dollars, together with interest, costs and attorney's fees pursuant to §768.28(8), Florida Statutes, and such other relief as this Court

12

deems just and proper.

## COUNT V - NEGLIGENT SUPERVISION

Plaintiff repeats and realleges Paragraphs 1 through 39 above as if more fully set forth herein and further alleges:

67. This is an action for damages.

68. The City of Hollywood as a municipality which has created and maintains a municipal police force, owed a duty to Plaintiff to provide law enforcement services in a safe and prudent manner and a further duty to supervise its police personnel in accordance with proper police training techniques, the United States and the Florida Constitution, Florida Statutes and the municipal ordinances of its jurisdiction.

69. On the date of this incident, Officer COMMELLA and MELNIKOV, were agents and police officers of the Defendant, HOLLYWOOD.

70. Defendant, HOLLYWOOD, breached its duty by not providing proper police supervision at the time when Defendants, COMMELLA and MELNIKOV, made the traffic stop. Had they properly supervised they would have prevented the assault and battery and false arrest and imprisonment of MINCY.

71. Furthermore, Defendant, HOLLYWOOD, breached its duty by failing to properly supervise their police officers, while at the police detention facility to prevent further incidents of assault and battery.

72. As a direct and proximate result of this lack of police supervision, Plaintiff, MINCY, suffered the following injuries:

  a.    suffered mental and physical pain from his injuries received at the hands

13

of COMMELLA and MELNIKOV;

    b.    Lost time from work;

    c.    incurred medical expenses in the treatment of his injuries which will continue in the future;

    d.    incurred the expense of hiring an attorney to represent him.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, HOLLYWOOD in excess of Fifteen Thousand ($15,000) Dollars, together with interest, costs and attorney's fees pursuant to §768.28(8), Florida Statutes, and such other relief as this Court deems just and proper.

## COUNT VI - MALICIOUS PROSECUTION

Plaintiff repeats and realleges Paragraphs 1 through 39 above as if more fully set forth herein and further alleges:

73. This is an action for damages.

74. On March 24, 2010, Defendants, COMMELLA and MELNIKOV, acting within the scope of their employment as HOLLYWOOD Police Officers and without probable cause, arrested and commenced a criminal action against MINCY, in the City of Hollywood, County of Broward, State of Florida.

75. Officers COMMELLA and MELNIKOV, actions result in judicial proceedings and criminal prosecution ultimately for resisting arrest without violence in the County of Broward, State of Florida.

76. There was the absence of probable cause for the prosecution of this proceeding.

77. That on April 30, 2012, the charges against the Plaintiff, MINCY were amended to

14

resisting without violence and count two- not having tag displayed was dismissed. He was placed on three months administrative probation and assessed court fines.

78. The above criminal prosecution was commenced solely out of malice and to further harass, punish, humiliate and intimidate MINCY.

79. As a result of this malicious criminal prosecution, the Plaintiff suffered injury to his reputation and by reason of his imprisonment, extreme mental anguish and physical abuse. Accordingly, Plaintiff is entitled to exemplary damages from the Defendants, COMMELLA and MELNIKOV.

**WHEREFORE**, Plaintiff demands Judgment against the Defendants, COMMELLA and MELNIKOV, in an amount in excess of Fifteen Thousand ($15,000) Dollars, in addition together with interest, costs and attorney's fees and such other relief as this Court deems just and proper.

## COUNT VII - CIVIL CONSPIRACY

Plaintiff repeats and realleges Paragraphs 1 through 39 above as if more fully set forth herein and further alleges:

80. This is an action for damages.

81. On or about March 24, 2010, officers COMMELLA and MELNIKOV, acting within the scope of their employment as CITY HOLLYWOOD and without probable cause arrested and commenced a criminal action against MINCY, in the City of HOLLYWOOD, County of Broward, State of Florida.

82. Realizing that there was no probable cause to arrest the Plaintiff, officers, COMMELLA and MELNIKOV, entered into a conspiracy to maliciously prosecute MINCY for

the charge of resisting arrest without violence, a criminal offense under the laws of Florida.

83. Officers COMMELLA and MELNIKOV owed Plaintiff a duty to abide by the United States and Florida Constitutions, to abide by the Laws of Florida and the ordinances of HOLLYWOOD, and not to arrest him without probable cause.

84. Officers COMMELLA and MELNIKOV breached that duty by conspiring to maliciously prosecute MINCY in order to further punish, harass, humiliate and intimidate him.

85. As a result, MINCY suffered injury to his reputation and by reason of his imprisonment extreme mental anguish and physical abuse. Accordingly, Plaintiff is entitled to exemplary damages from COMMELLA and MELNIKOV.

**WHEREFORE,** Plaintiff demands Judgment against officers, COMMELLA and MELNIKOV, in an amount in excess of Fifteen Thousand ($15,000) Dollars, in addition together with interest, costs and attorney's fees and such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as of right.

Law offices of Brown & Associates, P.A.
Counsel for Plaintiff
12 Southeast 7th Street
Suite 700
Ft. Lauderdale, FL 33301
Telephone: (954) 764-6828
Fax: (954) 764-0287
Email address: law_brown@msn.com

By: _____
Christopher M. Brown
Fla. Bar 0056170

16

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City of Hollywood Mayor
Attn Mayor Peter Bober
2600 Hollywood Blvd.
Ste 403
Hollywood, FL 33020

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

_____                          5-25-12

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)

7006 2150 0005 1416 2745

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

EXHIBIT A

# *Law Offices of Brown & Associates, P.A.*

Attorneys at Law

12 Southeast 7th Street, Suite 700 · Fort Lauderdale ·Florida 33301 · (954) 764-6828 · Facsimile (954) 764-0287

May 24, 2012

Via Certified Mail 7006 2150 0005 1416 2745

City Of Hollywood Mayor & Commissioners
Attn: Mayor Peter Bober
2600 Hollywood Blvd.
Suite 403
Hollywood, FL 33020

Re:   **Our Client:**        Donald Mincy
      **Date of Loss:**      3/24/2010
      **Type of Loss:**      Wrongful Arrest

To Whom It May Concern:

This firm represents Donald Mincy, in reference to the injuries sustained by a false arrest occurring on or about March 24, 2010.

This letter shall serve as our formal notice, pursuant to F. S. §768.28, of a claim against the Hollywood Police Department in as much as Donald Mincy suffered loss of his liberty and freedom, suffered mental and physical pain from his injuries received arising out of the false arrest of the Hollywood Police Department.

The Hollywood Police Department is negligent due to its employee's actions, and/or the negligent hiring of its employees and/or the negligent supervision of its employees and/or training of its employees. This liability pursuant to common law and makes the Hollywood Police Department responsible to indemnify and/or to pay contribution to Mr. Donald Mincy for damages incurred by being false arrest received by our client, while under the care and custody of the Hollywood Police Department.

The following information is available for your records and is submitted in compliance with the applicable law:

1.     Claimant's name and address:        Donald Mincy
                                           2335 Cody Street
                                           Hollywood, FL 33020

2.     Claimant's Date of Birth:           11/17/1961

3.     Claimant's Place of Birth:          Hollywood

4.     Claimant's SSN or FIN:              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

# EXHIBIT A

5.   Date of Injury:               03/24/10

6.   Amount Claimed:               In excess of $100,000.00.

7.   Damages:                      Attorney Fees, Court Costs/Fines
                                   Punitive Damages for wrongful arrest and
                                   imprisonment, and personal injury sustained

This letter meets all the conditions precedent to maintaining a civil action under the "waiver of sovereign immunity" statute.   If there is a defect in this notice or you require any additional information, please notify me at the above address.

Sincerely,

Christopher M. Brown, Esq.
For the Firm

EXHIBIT A